**RAND–WHITNEY CONTAINER-BOARD LIMITED PARTNERSHIP, Plaintiff–Appellee–Cross–Appellant,**

v.

**TOWN OF MONTVILLE and Town of Montville Water Pollution Control Authority, Defendants–Appellants–Cross–Appellees.**

Nos. 07–3291–cv, 07–3541–cv.

United States Court of Appeals, Second Circuit.

Aug. 25, 2008.

Daniel L. Goldberg, (Andrew C. Phelan, Christopher Hurld, on the brief) Bingham McCutchen LLP, Boston, MA, for Plaintiff–Appellee–Cross–Appellant.

Linda L. Morkan, (Jeffrey J. White, Christopher F. Girard, on the brief) Robinson & Cole LLP, Hartford, CT, for Defendants–Appellants–Cross–Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants the Town of Montville and the Town of Montville Water Pollution Authority (collectively "Montville") appeal the amended judgment of the District Court for the District of Connecticut (Fitzimmons, *M.J.*) setting aside a jury verdict in favor of Montville and granting Plaintiff–Appellee Rand–Whitney Containerboard Limited Partnership's ("Rand–Whitney") motion for judgment as a matter of law. On appeal, Montville contends that the District Court erred in granting Rand–Whitney's motion for judgment as a matter of law because Montville claims there was sufficient evidence for a reasonable jury to find that Montville relied on Rand–Whitney's misrepresentations regarding the quality of its effluent. Alternatively, Montville argues that the District Court erred in (1) dismissing its impossibility and *force majeure* defenses, (2) awarding attorneys' fees to Rand–Whit-

ney, and (3) denying its motion for judgment as a matter of law, remittitur, or a new trial on damages. Rand–Whitney, on cross-appeal, contends that the District Court should have sent the issue of prejudgment interest to the jury as opposed to denying prejudgment interest as a matter of law. We assume familiarity with the facts of the case, the procedural history, and the scope of the issues on appeal.

First, Montville contends that the District Court erred when it set aside the jury verdict and denied Montville's fraudulent misrepresentation defense and counter claim as a matter of law. This Court reviews a district court's grant of judgment as a matter of law *de novo*, and applies the same standard used by the district court below. *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir.2004). A motion under Rule 50 should be granted "only if [the court] can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been *compelled* to accept the view of the moving party...." *Zellner v. Summerlin*, 494 F.3d 344, 370–71 (2d Cir.2007) (internal quotation marks omitted). Thus, after giving the non-moving party the benefit of all reasonable inferences, we may only uphold the District Court's decision if "there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Luciano v. Olsten Corp.*, 110 F.3d 210, 214 (2d Cir.1997) (internal quotation marks omitted).

■ Given the overwhelming evidence that Montville did not rely on any alleged misrepresentations about the quality of Rand–Whitney's effluent, we find that the District Court did not err in setting aside the jury's verdict. Montville's representative, Tom Bowen, testified that he did not rely on any statements made by Rand–Whitney when he advised Montville to enter the contract with Rand–Whitney. He also developed and partially implemented an elaborate back-up scheme so Montville would not have to rely on any representations about the quality of the effluent in order to meet its obligations under the contract. Moreover, the record reflects that Montville was concerned about characteristics of the water quality that were not at issue in the breach of contract claim—total suspended solids and biochemical oxygen demand—and did not rely on any statements made about the key quality variant in this case—total dissolved solids. We therefore uphold the District Court's decision as to the fraudulent misrepresentation defense and counterclaim.

■ Second, we review *de novo* the District Court's ruling that the contract terms were unambiguous, thus precluding Montville's impossibility and *force majeure* defenses to damages. *See Aon Fin. Prods., Inc. v. Société Générale*, 476 F.3d 90, 95–96 (2d Cir.2007). The plain language of the contract obligates Montville to obtain all permits necessary to provide the specified water to Rand–Whitney, including requiring it to "take all other actions necessary to ensure that [Montville] shall be able to perform its obligations" under the contract. (Section 6.6 of the Supply Agreement) This language demonstrates that Montville explicitly assumed the risk that it might not be able to obtain the necessary permits, and consequently precludes Montville's claim that it was impossible for it to provide the necessary water because it was unable to secure a permit. Accordingly, the District Court did not err in denying Montville's impossibility and *force majeure* defenses as a matter of law.

■ The third issue on appeal is whether the indemnification provision in the contract applies only to claims brought by third parties or also applies to claims brought between the parties to the agreement, such that Montville would have to pay Rand–Whitney's attorneys' fees. We review *de novo* the District Court's interpretation of the contract and its ultimate decision that the indemnification clause was ambiguous and a question for the jury. *See Aon Fin. Prods., Inc.,* 476 F.3d at 95–96. Reading the contract as a whole, we find that the indemnification provision was not meant to apply to intra-party suits. Furthermore, under Connecticut law, the words "indemnification" and "hold ... harmless"—which are used in this contract—are typically interpreted to apply to third-party claims. *See Amoco Oil Co. v. Liberty Auto and Elec. Co.,* 262 Conn. 142, 144, 148, 810 A.2d 259 (2002) ("The logic and rationale underlying our indemnity case law are based on the premise that an action for indemnification is one in which one party seeks reimbursement from another party for losses incurred in connection with the first party's liability to a third party."). We therefore reverse the District Court's decision to submit this issue to the jury and find as a matter of law that Montville is not required to indemnify Rand–Whitney for attorneys' fees under the terms of the contract.

Montville's last claim on appeal is that there was not sufficient evidence for the jury to have found that Rand–Whitney would suffer future lost profits due to Montville's breach, and hence, that the District Court erred when it denied its motion for judgment as a matter of law, remittitur, or for a new trial on damages. The Court reviews a district court's ruling on a motion for a judgment as a matter of law *de novo, Cobb,* 363 F.3d at 101, and its rulings on a motion for a new trial and for remittitur for abuse of discretion. *Gasper-*

*ini v. Ctr. for Humanities,* 149 F.3d 137, 140 (2d Cir.1998). At trial, Rand–Whitney offered sufficient evidence that it would lose profits in the future because of Montville's inability to provide the necessary water. Judgment as a matter of law, remittitur, and a new trial were, therefore, not warranted on this argument.

At oral argument, counsel for Rand–Whitney narrowed the condition of its cross-appeal to make clear that the cross-appeal, seeking prejudgment interest on attorneys fees, could be considered withdrawn if this Court affirmed all aspects of Montville's appeal except the allowance of attorneys' fees. We therefore dismiss the cross-appeal.

We have considered all of Montville's claims and, except for Montville's challenge to an award of attorneys' fees, find them to be without merit. Accordingly, the amended judgment of the District Court is AFFIRMED as to Montville's fraudulent misrepresentation defense and counterclaim, Montville's impossibility and *force majeure* defenses, and Montville's motions addressing Rand–Whitney's future lost profits, but REVERSED with respect to indemnification for attorneys' fees. The conditional cross-appeal is dismissed.